# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 07cr0310 |
| | ) | |
| HAROLD D. PRICE | ) | |

## MEMORANDUM ORDER

Before the Court is the MOTION TO REVOKE DETENTION ORDER filed by Defendant Harold D. Price and the response in opposition filed by the government. For the reasons stated below, the motion will be denied.

## Facts and Procedural History

On August 23, 2007, a Criminal Complaint was filed against Defendant in which he was charged with possession of a firearm by a convicted felon, on or about May 3, 2007, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Document No. 1). Defendant made his initial appearance on August 24, 2007 (Document No. 7.) On August 28, 2007, a federal grand jury in the Western District of Pennsylvania returned a one-count Indictment in which Defendant was charged with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Document No. 12). Specifically, the Indictment charges Defendant with the unlawful possession of three (3) semi-automatic handguns after having been convicted of four (4) felony drug-trafficking offenses. An arraignment and detention hearing was held on August 28, 2007, at which time the government requested that the Defendant be detained without bond pending trial in accordance with the Bail Reform Act, 18 U.S.C. §§ 3141, *et. seq.*

The Defendant was present and represented by counsel at the detention hearing. At the hearing, counsel for both parties presented evidence and proffers of evidence including, but

not limited to, information which pertained to the Defendant's history and the circumstances of his arrest on this charge. In particular, evidence included that on May 3, 2007, state police troopers responded to a domestic incident at the Defendant's residence. The Defendant's wife reported that the Defendant had "head-butted" her, which resulted in her having a bloody, split lip. The Defendant's wife consented to a search of the residence. As a result of the search, three (3) semi-automatic pistols, two (2) digital scales, approximately three (3) pounds of marijuana, and a small amount of cocaine were seized. The Defendant's wife denied ownership of the three (3) firearms.

The first firearm (a Davis Industries, caliber .380, semi-automatic pistol) was found under the Defendant's mattress in the marital bedroom. Defendant's wife told the police officers that she had seen the Defendant in possession of the firearm and that he had in fact actually threatened her with that firearm approximately one week prior to the date of his arrest.

The second firearm (a Ruger, caliber 9mm, semi-automatic pistol) was found in the ceiling of the loft of a garage, along with marijuana, cocaine, and drug paraphernalia. The Defendant's wife told the police officers that Defendant utilized the garage loft to "party."

The third firearm (a Glock, caliber 9mm, semi-automatic pistol) was seized in a sport utility vehicle co-owned by the Defendant.

ATF agents confirmed that two of the seized firearms were registered to Roxanne Basham, the Defendant's "girlfriend / fiancee." Ms. Basham told the ATF agents that she had, in fact, given the two firearms to the Defendant.[1]

---

[1] In the instant motion, Defendant proffers Jean Basham of Grove City as his third party custodian. At this time, the Court has no information as to whether Ms.
(continued...)

The Defendant presented the testimony of Brian Smith, a cousin of the Defendant, who was willing to serve as a third party custodian for him if released pending trial.

At the conclusion of the hearing, the magistrate judge granted the government's motion and ordered that Defendant be detained pending further disposition of this matter. (Document No. 19).

On January 11, 2008, Defendant filed the pending motion for revocation of the order of detention (Document No. 30), to which the government responded in opposition on January 28, 2008 (Document No. 31).

**Standard of Review**

When a district court acts on a motion to revoke a pretrial detention order issued by a magistrate judge, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Kelker,* 757 F.2d 1390, 1394 (3d Cir. 1985).

In conducting a *de novo* review, the district court may rely on the evidence presented before the magistrate judge. Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. However, a *de novo* review does not require a *de novo* evidentiary hearing. *See United States v. Chagra,* 850 F. Supp. 354, 357 (W. D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge).

---

[1](...continued)
Basham has been interviewed or cleared by Pretrial Services. It appears that Ms. Jean Basham is the mother of Roxanne Basham, the Defendant's "fiancé," who admittedly gave the Defendant two of the firearms seized at the time of his arrest.

## Discussion

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Lemos,* 876 F. Supp. 58, 59 (D.N.J. 1995). The facts the court relies upon to support a finding that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community must be supported by clear and convincing evidence. The government bears the burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence"); *see also United States v. Suppa,* 799 F.2d 115, 119 (3d Cir. 1986) (even in rebuttable presumption cases, the burden of persuasion always remains with the government).

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If no sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial. 18 U.S.C. § 3142(e). Section 3142(e) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f), ... the judicial officer finds that no condition or combination of conditions will

reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial. . . .

18 U.S.C. § 3142(e). Section 3142(e) provides that in certain cases enumerated in section 3142(f)(1), including cases involving a "crime of violence," a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. As Defendant has argued in his motion, this case is not a rebuttable presumption case. *See United States v. Bowers*, 432 F .3d 518, 519 (3d Cir. 2005) (holding that a violation of 18 U.S.C. § 922(g)(1) is not a crime of violence under the Bail Reform Act).

The determination of whether any conditions of release can reasonable assure the appearance of the defendant in court and the safety of others is based on the following four factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person;[2] and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986).

---

[2] The sub-factors relevant to the consideration of a defendant's characteristics and history include: (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . . 18 U.S.C. § 3124(g)(3).

Applying the factors of section 3142(g) to the instant case, the Court concludes that no condition or combination of conditions would reasonably ensure the safety of the community if the defendant were to be released because the Court finds that there is a serious risk that the defendant will endanger the safety of another person or the community.

First, in the instant Indictment, the Defendant has been charged with the illegal possession of three (3) semi-automatic handguns. This serious crime carries a statutory penalty of not less than fifteen (15) years and up to life in prison. Additionally, police officers were called to Defendant's residence after a domestic dispute had been reported in which the Defendant allegedly head-butted his wife, causing injury to her lip. This information is relevant to the first and fourth factors set forth in section 3142(g), the nature and circumstances of the offense charged and the nature and seriousness of danger to any person or the community that would be prosed by the defendant's release. Here, the nature and circumstances of the charge, considered in light of the circumstances of defendant's arrest, support a finding that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released.

Second, Defendant has been arrested numerous times for violent and illegal activities and, as charged in the Indictment, has four (4) prior felony drug convictions. This information is relevant to the second factor that the Court must consider under section 3142(g), the history and characteristics of the defendant.

Third, the Court notes that along with the three (3) firearms seized at the time of Defendant's arrest, police officers also seized three (3) pounds of marijuana, marijuana smoking devices, two (2) digital scales, and a small amount of cocaine. The possession of drugs at the

time of the arrest is also pertinent to the analysis under the fourth factor set forth in section 3124(g), the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.  The danger that Defendant may traffic in illicit drugs is pertinent to the safety of any other person and the community that would be endangered by Defendant's release.  When determining whether to detain a defendant, the Court must, in essence, make a prediction as to whether the defendant is likely to endanger any person or the community, and this includes a prediction about the likelihood of danger that a defendant may traffic in illicit drugs if released pending trial.  *See United States v. Perry*, 788 F.2d 100, 114-15 (3d Cir. 1986) ("the dangerousness determination involves a prediction of the detainee's likely future behavior.").

Based upon the foregoing, the Court finds that, applying the factors of section 3142(g) to the instant case, no condition or combination of conditions would reasonably ensure the safety of the community if Defendant were to be released because the Court finds that there is a serious risk that the Defendant will endanger the safety of another person or the community.

**Conclusion**

After a *de novo* review of the record, and for the reasons set forth herein, the Motion to Revoke Detention Order is denied.  This Memorandum Order constitutes the Court's detention order pursuant to 18 U.S.C. § 3142(i) setting forth written findings of fact and a written statement of reasons for the detention.  The Court finds that the government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

The Court directs with regard to Defendant's detention that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

So **ORDERED** this 31st day of January, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc: Troy Rivetti,
Assistant United States Attorney
Email: Troy.Rivetti@usdoj.gov

W. Penn Hackney,
Assistant Federal Public Defender
Email: penn_hackney@fd.org