# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 07cr0310 |
| | ) | |
| HAROLD D. PRICE | ) | |

## MEMORANDUM ORDER

Presently before the Court for disposition are the following motions filed by Defendant:

- MOTION *IN LIMINE* TO COMPEL THE GOVERNMENT TO PROVIDE DEFENDANT WITH A STATEMENT OF UNCHARGED MISCONDUCT EVIDENCE WITH CITATION OF AUTHORITY (Document No. 39); and

- MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH BRIEF IN SUPPORT THEREOF (Document No. 40).

The government has timely responded and, thus, the motions are ripe for disposition.

**Motion *In Limine* to Compel the Government To Provide Defendant With a Statement of Uncharged Misconduct Evidence**

Defendant requests that the Court order the government to disclose the evidence that it intends to proffer at trial pursuant to Federal Rules of Evidence 404(b) and 609. In response, the government states that it has not yet identified the specific bad acts by Defendant that it will seek to introduce at trial pursuant to Rule 404(b). However, the government indicates that it will provide notice of its intent to seek the admission of 404(b) evidence at least two weeks prior to trial. Response at 5. The government further notes that it has provided Defendant with

a copy of his criminal record, and will use such records as impeachment material under Rule 609 if the Defendant chooses to testify.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. The rule requires that the government in a criminal case, upon the request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. *Id*. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen. Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." *Id*.

At this point in the proceeding the government has not determined the evidence, if any, it may seek to admit at trial pursuant to Rule 404(b). The government has stated that it intends to provide notice to Defendant of Rule 404(b) evidence at least two weeks before trial, and there is no reason to believe that the government will not do so. Accordingly, the motion to disclose uncharged misconduct evidence is **DENIED WITHOUT PREJUDICE**.

**Motion to Dismiss The Indictment On Jurisdictional Grounds**

Defendant argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is unconstitutional, based upon his interpretation of three United States Supreme Court decisions, *Jones v. United States*, 529 U.S. 848 (2000), *United States v. Morrison,* 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995).

In *Lopez,* the United States Supreme Court found that a separate provision of § 922, which prohibited firearm possession in a school zone, was unconstitutional as the regulated activity was neither economic nor contained a requirement that the possession be connected to interstate commerce. *Id.* at 549. In light of *Lopez,* the Court of Appeals for the Third Circuit considered the constitutionality of § 922(g) in its current form in *United States v. Gateward,* 84 F.3d 670 (3d Cir.), *cert. denied*, 519 U.S. 907 (1996). In *Gateward,* our appellate court held that § 922(g) is a proper exercise of Congressional power so long as it is proven that at some point before the defendant's possession, the firearm has traveled in interstate or foreign commerce. *Gateward*, 84 F.3d at 671-72.

The scope of Congressional interstate commerce power was refined again by the Supreme Court, subsequent to *Gateward*, in *United States v. Morrison,* 529 U.S. 598 (2000) (holding that activity that is non-economic and requires multiple inferences to connect the activity to interstate commerce cannot be criminalized by Congress, even when Congressional findings support the proffered connection) and in *Jones v. United States*, 529 U.S. 848 (2000) (ruling that absent clear Congressional intent, there is a presumption against interpreting a federal criminal statute to encompass activity that is traditionally considered with the exclusive domain of state law.)

In the wake of these rulings, the Court of Appeals for the Third Circuit reconsidered the validity of § 922(g) in *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001), *cert. denied*, 535 U.S. 976 (2002). Once again, the appellate court affirmed the validity of § 922(g) because the statute contains a jurisdictional element, which requires that the firearm at issue once traveled in interstate commerce. Yet another attempt to challenge § 922(g) followed, and the

Third Circuit affirmed the holding in *Singletary* in *United States v. Coward*, 296 F.3d 176 (3d Cir. 2002).

Furthermore, the appellate court has also held that evidence that firearms were manufactured outside Pennsylvania provides the requisite nexus to, and proof that, the firearms traveled in interstate commerce. *See, e.g., United States v. Leuschen*, 395 F.3d 155 (3d Cir. 2005); *United States v. Shambry*, 392 F.3d 631, 633 (3d Cir. 2004), *cert. denied*, 544 U.S. 1006 (2005). As such, the Court finds and rules that the legitimacy of § 922(g) has been well established. Accordingly, Defendant's argument that § 922(g) is unconstitutional is without merit and the Motion is **DENIED.**

So **ORDERED** this 24th day of July, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti, Assistant U.S. Attorney
Email: Troy.Rivetti@usdoj.gov

W. Penn Hackney,
Senior Litigation Counsel
Federal Public Defender's Office
Email: penn_hackney@fd.org